1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9  PRESIDO GROUP LLC, et. al.,

10              Plaintiffs,                     CASE NO. C10-5196BHS

11       v.

12  MARINO WHITE O'FARRELL &          ORDER DENYING MOTION
    GONZALEZ, et. al.,                FOR SUMMARY JUDGMENT
13                                    AND PROVIDING
                Defendants.           PLAINTIFFS WITH OTHER
14                                    NOTICE

15
16

17   This matter comes before the Court on Plaintiffs' motion for summary judgment
18  (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to
19  the motion and the remainder of the file and hereby denies the motion for the reasons
20  stated herein.

21                              **I. DISCUSSION**

22  **A.   Plaintiffs' Motion for Summary Judgment**

23   On November 11, 2010, Plaintiffs moved the Court for summary judgment. Dkt.
24  42. On November 30, 2010, Plaintiffs notified the Court that no Defendant had opposed
25  their motion for summary judgment. Although the Court might ordinarily consider
26  finding such an unopposed motion meritorious under Local Rule 7(b)(2) (failure to file
27  opposition pleadings), this is not an ordinary case.
28

ORDER - 1

Currently no remaining named Defendant has appeared or is participating in this case. In fact, when a Defendant has appeared in this case, Plaintiffs have promptly and voluntarily dismissed their claims against such Defendant. *See, e.g.,* Dkts. 15, 40, 41, 60. Additionally, the Court has not yet set a case schedule that would supply the timing for dispositive motions such as summary judgment.

The Court sets such a case schedule when the parties submit a **joint** status report in accord with the Court's rules. While Plaintiffs have submitted a "status report," no **joint** status report has ever been filed, which would be followed by the Court entering a case schedule in this matter.

Based on the foregoing, Plaintiffs' summary judgment motion is premature. The proper vehicle for obtaining judgment when parties do not appear to defend in a suit is a motion for default, which Plaintiffs have not filed.

**B.    Putting this Case On Track**

The Court finds this case to have gotten off track. This is primarily due to the failure of Plaintiffs' counsel to follow the orderly progression of a case. The orderly progression of a case begins with a simple and plain statement of the harm caused and the relief sought, a complaint. *See* Fed. R. Civ. P. 8. Here, Plaintiffs' counsel filed a 386-page amended complaint. Dkt. 38. This is neither short nor plain and is patently unacceptable. *See* Dkt. 38 (nine pages are dedicated to the caption).

The 386-page amended complaint leaves the Court with little ability to even begin to ascertain what claims are being made and on what facts those claims might be supported. Further, with Plaintiffs voluntarily dismissing every Defendant who makes an appearance in this matter, the Court must understand which Defendants remain and which claims attach to those Defendants. Plaintiff shall, therefore, file a second amended complaint ("SAC") no later than January 21, 2011. This SAC shall be both simple and plain in accord with the rules and shall not exceed twenty (20) pages.

ORDER - 2

The joint status report deadline in this case is hereby extended to February 25, 2011. Failure to file a **joint** status report can result in the dismissal of Plaintiffs' case. Should the remaining Defendants fail to appear in this case after the SAC is filed and served upon them, Plaintiffs may then move for default in accord with the rules.

**C.     Notice**

Additionally, Plaintiffs' counsel is directed to use the caption as provided in this order in all pleadings going forward. Plaintiffs' counsel is not to put more than a simple title for the type of motion he brings before the Court. Plaintiffs' counsel is also directed to comply with all of the Civil Rules and the Local Rules. Additionally Plaintiffs' counsel is directed to make his CMECF filings in an appropriate manner and with short and plain titles to alert the Court as to the nature of the pleading or document filed. Plaintiffs' counsel's current method of identifying filings on the CMECF is unacceptable. If and when Plaintiffs' counsel elects to file additional motions, those motions will be supported by the proper documentation (supporting documents should be filed on CMECF as attachments to an affidavit or declaration).

Plaintiffs' counsel is hereby put on notice that failure to comply with these directives could result in sanctions as deemed appropriate by the Court.

## II. ORDER

Therefore, it is hereby **ORDERED** that

(1)     Plaintiffs' motion for summary judgment (Dkt. 42) is **DENIED without prejudice**.

(2)     Plaintiffs shall **FILE** a SAC as discussed above, on or before January 21, 2011, which is not to exceed **twenty (20)** pages; and

ORDER - 3

(3) Plaintiffs' counsel is directed to **TAKE NOTICE OF AND COMPLY** with the directives herein.

DATED this 7th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4